*L/Aw Li$Ary*

IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

KEONI ESPIRITU,

Defendant.)

) CRIMINAL CASE NO. CM470-11
)
)
)  **DECISION AND ORDER**
)  **FOR DISMISSAL**
)
)
)

The matter came before the HONORABLE ELIZABETH BARRETT-ANDERSON on December 22, 2011 for Defendant's Motions to Dismiss (hereinafter referred to as "Motion"). Defendant was not present, but was represented by Attorney Suresh Sampath. People were represented by Assistant Attorney General James C. Collins. The Court having considered all the oral arguments, briefs, and materials filed herein DISMISSED THIS CASE WITHOUT PREJUDICE from the bench on March 26, 2012 and this written decision and order follows.

Guam's Supreme Court held[1]: "that unless good cause is shown, a complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the filing of the complaint." *People v. Rasauo,* 2011 Guam 14 ¶ 16. Defendant argues that pursuant to *People v. Rasauo,* 2011 Guam 14 (hereinafter referred to as "*Rasauo II*"), this case should be dismissed with prejudice because Defendant was not arraigned within sixty (60) days after the Complaint was filed. *See also* 8 GCA § 60.10. People argue that the Court should find good cause exists for the delay, and therefore, the dismissal would be inappropriate. As required by *Rasauo II*, this Court will review the specific facts in this case to determine whether or not there was good cause for the delay in arraigning Defendant beyond the sixty (60) days after the Complaint was filed. *Rasauo,* 2011 Guam 14 ¶¶ 10, 14.

Defendant was arrested on July 21, 2010 and given a notice to appear with a date of July 13, 2011. On April 15, 2011, the Complaint was filed and a Summons was issued on April 28, 2011 for an arraignment scheduled for June 22, 2011. Defendant was finally arraigned on July

---

[1] This holding is hereinafter referred to as the "60 day rule."

20, 2011, which is more than sixty (60) days after the Complaint was filed.

The time between the Complaint and the first appearance on June 22, 2011 does violate the 60 day rule announced in *Rasauo II*. Thus, the Court must review what days, if any, after June 14, 2011 constitute "good cause" under *Rasauo II*.

The People maintain that once a request for a summons is presented "the People retain no control over the court's decision about when to calendar the date on which a defendant is to return to court." People's Opp'n to Mot. to Dismiss, p.5 (Nov. 18, 2011). Thus, the People advocate that any delay attributed to the court's calendaring of an arraignment should be found to be good cause and not cause the case to be dismissed pursuant to *Rasauo II*. The Court disagrees that a bright line rule of any delay caused by a court's calendaring of a criminal matter is automatically good cause under the 60 day rule. Guam's Supreme Court makes it clear that it intended the court and its officers to be subject to the prompt arraignment rule put forth in *Rasauo II*. *Rasauo*, 2011 Guam 14 ¶ 12; 8 GCA § 80.50(a)("It shall be the duty of all courts and judicial officers ... to expedite such proceedings to the greatest degree that is consistent with the ends of justice"). *See e.g. People v. Ilemelong*, CF150-10 (Super. Ct. Guam Jan. 13, 2012). Since the onus is on all judicial officers, in addition to the prosecuting attorneys, to ensure that a defendant is promptly arraigned, the Court holds that the delay created by the Court scheduling the arraignment date after more than sixty (60) days had passed from the filing of the Complaint is not good cause. The Defendant was not promptly arraigned; therefore, this case must be dismissed. *Rasauo*, 2011 Guam 14.

While not necessary for this decision, the Court reviewed if the time the Court allows a defendant to meet and confer with counsel prior to being arraigned is reasonable and constitutes good cause. Title 8 Guam Code Annotated section 45.30(c) provides that the Court shall allow reasonable time to a defendant to meet and confer with counsel prior to being arraigned. Meeting with and discussing this with counsel allows a defendant to understand the significance of the arraignment process as well as the defendant's rights, which are asserted or waived at arraignment. *Hamilton v. Alabama*, 368 U.S. 52 (1961). It is critical for a defendant to have this understanding at time of arraignment. *See e.g. Huston v. Com.*, 171 S.W.3d 743, 744-45 (Ky. Ct.

App. 2005). Further, the concerns of Guam's Supreme Court in *People v. Rasauo*, 2011 Guam 1, are not present when a defendant is appointed counsel and the delay between the Complaint and the arraignment is partially attributed to the time necessary for a defendant to meet and confer with his appointed attorney. 2011 Guam 1 ¶ 53(quoted by *Rasauo*, 2011 Guam 14 ¶ 10).

The Office of the Attorney General has argued in several cases that any delay of arraignment occasioned by a continuance granted by the magistrate court should be excused for good cause. The Court disagrees that a bright line rule of any delay caused by a court's calendaring of a criminal matter is automatically good cause under the 60 day rule. Guam's Supreme Court makes it clear that it intended the court and its officers to be subject to the prompt arraignment rule put forth in *Rasauo II*. *Rasauo*, 2011 Guam 14 ¶ 12; 8 GCA § 80.50(a)("It shall be the duty of all courts and judicial officers … to expedite such proceedings to the greatest degree that is consistent with the ends of justice"). *See also People v. Ilemelong*, CF150-10 (Super. Ct. Guam Jan. 13, 2012).

Further, the Court rejects the contention that any length of delays caused by the time provided to a defendant to meet and confer with an attorney is automatically good cause. The Court finds that a reasonable amount of delay attributed to the time a defendant needs to meet and confer with an attorney is good cause for purposes of the 60 day rule. *Cf. Flores*, 2009 Guam 22 ¶ 38.

In this case, Defendant's Motion did not address if any delay attributed to time for the Defendant to meet and confer with counsel is good cause[2]. Instead, Defendant's Motion argues that no good cause exists for the violation of the 60 day rule in this case.

The Court finds that twenty-eight (28) days is excessive amount of time for a court to provide a defendant to meet and confer with his attorney prior to being arraigned. Since the onus is on all judicial officers and the prosecuting attorneys to ensure that a defendant is promptly arraigned, the Court holds that reasonable time, in the context of a continued

---

[2] This issue was raised orally by other Defense attorneys and Defendant orally joined, but this argument is not raised in the written Motion.

arraignment after a defendant is appointed counsel, means no more than thirty (30) days[3]. 8 GCA § 80.50(a). Thus, the delay in this case is not unreasonable, hence this time constitutes good cause.

Lastly, the Court must determine if the dismissal should be with or without prejudice. The Court is persuaded by the People's argument[4] that the dismissal should be without prejudice. Guam's Supreme Court declined to hold that all violations of the 60 day rule requires a dismissal with prejudice. *Rasauo*, 2011 Guam 14 ¶ 16("The issue of whether or not the case should be dismissed with or without prejudice should be decided in the first instance by the trial court."). This is in contrast to other criminal cases Guam's Supreme Court has addressed, where the case was dismissed with prejudice based upon a finding that there was a statutory bar to re-prosecution of the defendants in those cases. *People v. Villapondo*, 1999 Guam 31; *People v. Palomo*, 1998 Guam 12. The People correctly assert that in this circumstance, there is not a statutory bar to re-prosecution, instead the 60 day rule is explicitly dependent on statutory interpretation. *Rasauo*, 2011 Guam 14 ¶ 13; *People v. Stephen*, 2009 Guam 8 ¶¶ 35-36.

Therefore, the Court considers "a showing of prejudice or any other factors" to determine if dismissal with prejudice is appropriate. *Palomo*, 1998 Guam 12 n.8(quoted by *Villapondo*, 1999 Guam 31 ¶ 52). *Cf.* 18 U.S.C. § 3162(a)(2). Defendant does not make a showing of prejudice, rather argues that dismissal without prejudice renders the meaning of Rasauo meaningless if the People can re-indict him in the future. *But see Stephen*, 2009 Guam 8 ¶ 11. Therefore, as there is not a showing of prejudice, the Court will look at other factors used to determine if dismissal with prejudice is required here.

"Dismissal of an indictment is a disfavored remedy. ... Indictments are rarely dismissed for alleged government misconduct which occurs outside the Complaint process because such misconduct must be "grossly shocking and so outrageous as to violate the universal sense of justice.'" *People v. Marada*, 1995 WL 604365, *1 (D. Guam App. Div. Sep. 18, 1995)(internal

---

[3] The Court encourages the arraignment judge to consider only granting continuances for a defendant to meet with appointed counsel of two (2) weeks or less in light of the *Rasauo II* decision; however, the Court accepts that up to thirty (30) days is reasonable.

[4] This issue was raised orally, not in the written opposition.

citations omitted). *See also Stephens*, 2009 Guam 8 ¶ 21(discussing dismissal for unnecessary delay should occur "only in extreme circumstances"); *People v. Gutierrez*, 2005 Guam 19 ¶¶ 61-70(discussing dismissal based on finding the People acted in bad faith). In this case, there is no alleged government misconduct or bad faith on the part of the People[5]. Instead, there is a violation of the 60 day rule, which was recently announced in *Rasauo II*, which requires dismissal, but not necessarily dismissal with prejudice.

Additionally, dismissal with prejudice is sometimes used by Courts to send a strong message to prosecutors who have consistently violated defendants' rights and force them to reduce pretrial delays in general. *U.S. v. Perez*, 2011 WL 2294194, *3 (D. Ct. Guam Jun. 8, 2011). *Stephens*, 2009 Guam 8 ¶ 21("If a court is to apply the harsh rule of dismissing a criminal case with prejudice... it must either establish local rules ... or warn the prosecution that further delay could jeopardize the case."). However, the violation of a defendant's prompt arraignment right is not an issue this Court has been asked to address in relation to arraignments that occurred after *Rasauo II* was issued. Instead, this Court is merely addressing motions to dismiss based on delays that occurred before the 60 day rule was announced, leading this Court to believe that the People do not require a strong message from this Court to ensure that they are now respecting a defendant's right to prompt arraignment. This factor weighs in favor of dismissal without prejudice.

Further, in this circumstance, dismissal without prejudice can not be seen as condoning the People's behavior, because neither the People nor the Court were aware of the 60 day rule at the time of the delay of the Defendant's prompt arraignment. *Id.* This factor weighs in favor of dismissal without prejudice.

In this scenario, Defendant's constitutional rights are not implicated, thus the Court should weigh the violation of Defendant's right to a prompt arraignment with the competing interest "of society to be secure from crime through the regular enforcement of the criminal laws." *Gutierrez*, 2005 Guam 19 ¶ 68(internal citation and quotation omitted). Upon balancing

---

[5] All of the procedural facts of this case occurred before the promulgation of *Rasauo II*, therefore, there can be no finding that the People intentionally violated the 60 day rule.

these factors as well as taking into consideration of lack of showing of prejudice the Court determines that dismissal without prejudice is most appropriate.

The Court finds that Defendant was not promptly arraigned pursuant to 8 GCA § 60.10(a); therefore, the Court is DISMISSING this case without prejudice.

**IT IS SO ORDERED** this __ of April, 2012.

_/E. Barrett Cho_

**HONORABLE ELIZABETH BARRETT- ANDERSON**

Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

APR 1 8 2012

_Glenric J. Mendiola_
Deputy Clerk, Superior Court of Guam